No. _____

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

———————————

In re: Scott McDonald,

Petitioner.

———————————

On Petition for Writ of Mandamus to the United States District Court
for the Northern District of Alabama, Northeastern Division
Case No. 5:25-cv-02226-HDM (Hon. Harold D. Mooty III)

———————————

## PETITION FOR WRIT OF MANDAMUS

———————————

Scott McDonald (pro se)
789 Neal Drive
Gurley, Alabama 35748
Telephone: 256-503-0675
Email: scottm2@hiwaay.net

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ...................................................... ii

CORPORATE DISCLOSURE STATEMENT ..................................................... iii

TABLE OF AUTHORITIES ............................................................................... iv

INTRODUCTION ................................................................................................1

RELIEF SOUGHT................................................................................................2

ISSUES PRESENTED .........................................................................................4

JURISDICTION ..................................................................................................5

STATEMENT OF RELATED CASES .................................................................6

STATEMENT OF THE CASE ............................................................................6

    A. One-paragraph posture.................................................................................6

    B. Transcript identification ..............................................................................7

    C. Procedural history (key docket events)........................................................7

STATEMENT OF FACTS ...................................................................................9

    A. The district court required and justified a "use-first" approach and created a version dispute record...........................................................................................9

    B. The district court denied Doc. 40 and admitted/lodged Exhibit 1 under seal before legality-first adjudication ......................................................................10

    C. Doc. 44 facilitates filing, dissemination, and derivative use; the court entered it because the parties could not agree ...................................................11

    D. The district court ruled discovery had already commenced notwithstanding the Initial Order's sequencing...........................................................................12

    D.1. The court declined to enter ESI and privilege-log protocols and deferred ESI structure until after disputes arise........................................................................12

    E. Doc. 32 (disregard of Local Rule 5.3) eliminated the local rule's pro se-party filing mechanism ...........................................................................................13

STANDARD FOR MANDAMUS ........................................................................13

ARGUMENT.......................................................................................................14

REQUEST FOR TEMPORARY STAY................................................................22

CONCLUSION....................................................................................................22

i

## CERTIFICATE OF INTERESTED PERSONS

Petitioner Scott McDonald is a natural person proceeding pro se.

Interested persons (district court case caption):

1. Scott McDonald Plaintiff/Petitioner (pro se)

2. Beth McDonald Defendant, New Market, Alabama

3. Brooke Dumont, Esq. Defendant, Huntsville, Alabama

4. Nathan McDonald (Non-party), New Market, Alabama

5. The Honorable Harold D. Mooty III United States District Judge (respondent judge), United States District Court, 660 Gallatin Street, SW, Huntsville, AL 35801, 256-845-5932, eric@sdblaw.us

6. James Eric Brisendine, Esq. Counsel for Defendant Beth McDonald, SCRUGGS DODD & BRISENDINE, ATTYS, PA, 207 Alabama Avenue SW, Fort Payne, AL 36968-1109,

7. Joseph E. Stott, Esq. Counsel for Defendant Brooke Dumont, STOTT & HARRINGTON, P.C., 2637 Valleydale Road, Suite 100, Birmingham, AL 35244, 205-573-0500, joe@stottharrington.com

Petitioner certifies that this list is complete to the best of Petitioner's knowledge.

## CORPORATE DISCLOSURE STATEMENT

Petitioner is a natural person. No corporate disclosure statement is required.

## TABLE OF AUTHORITIES

**Cases**

*Cheney v. U.S. District Court for the District of Columbia*,
  542 U.S. 367 (2004)............................................................ 6, 9, 18, 19, 20, 25, 27

Frazier v. Heebe,
  482 U.S. 641 (1987).................................................................................... 9, 26

*Gelbard v. United States*, 408 U.S. 41 (1972)...................................................... 20, 25

*Kamakana v. City & County of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ...............................................................24

*Kerr v. U.S. District Court for the Northern District of California*,
  426 U.S. 394 (1976)...................................................................... 6, 18

*Lugosch v. Pyramid Co. of Onondaga*,
  435 F.3d 110 (2d Cir. 2006) ...............................................................24

*Romero v. Drummond Co.*,
  480 F.3d 1234 (11th Cir. 2007) ...............................................................23

*Roy A. Somlyo v. J. Lu-Rob Enterprises, Inc.*,
  932 F.2d 1043 (2d Cir. 1991).............................................................. 9, 26

*Seattle Times Co. v. Rhinehart*,
  467 U.S. 20 (1984)...............................................................23

*SEC v. Rajaratnam*,
  622 F.3d 159 (2d Cir. 2010).............................................. 7, 11, 19, 20, 21, 22, 24

*United States v. Biggins*,
  551 F.2d 64 (5th Cir. 1977).................................................................23

*United States v. Diaz-Villafane*,
  874 F.2d 43 (1st Cir. 1989) ..................................................................... 9, 10, 26

*United States v. Eleven Vehicles*,
   200 F.3d 203 (3d Cir. 2000) ........................................................ 9, 10, 26

*United States v. Giordano*,
   416 U.S. 505 (1974) ..............................................................................21

*United States v. McMillan*,
   508 F.2d 101 (8th Cir. 1974) ..............................................................23

*Will v. United States*,
   389 U.S. 90 (1967) ............................................................................ 6, 19

**Statutes**

18 U.S.C. § 2511 ..................................................................................11

18 U.S.C. § 2515 ......................................................................... 7, 20, 27

18 U.S.C. § 2518 ......................................................................... 7, 20, 27

18 U.S.C. § 2520 ..................................................................................11

28 U.S.C. § 1651 ...................................................................... 6, 7, 11, 27

**Rules**

FRCP Rule 26 ................................................................. 6, 8, 10, 12, 17

Local Rule 5.3 ................................................................... 8, 18, 26

**INTRODUCTION**

Petitioner Scott McDonald, proceeding pro se, respectfully petitions this Court for a writ of mandamus under 28 U.S.C. § 1651(a) directing the United States District Court for the Northern District of Alabama to vacate and correct orders and rulings that: (1) denied Petitioner's motion seeking Title III suppression/non-use protections (Doc. 40) after adopting a "use-first" approach that required judicial listening to, and sealed admission/lodging of, a disputed recording before adjudicating non-use; (2) admitted and lodged a defense USB audio as sealed Exhibit 1 despite material version/length disputes and despite Petitioner's provenance/chain-of-custody objections; (3) entered a "Protective Order" (Doc. 44) that affirmatively facilitates sealed filing and derivative use of the recording (including "alternate versions"); and (4) treated discovery as having "already commenced" notwithstanding the court's Initial Order (Doc. 16) requiring Rule 26(f) planning and a joint report before discovery commences. This petition seeks extraordinary relief because the challenged actions create irreversible privacy and dissemination harms not adequately remediable after final judgment. See *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004); *Kerr v. U.S. District Court for the Northern District of California*, 426 U.S. 394 (1976); *Will v. United States*, 389 U.S. 90 (1967).

1

Petitioner also requests temporary stay interim relief to preserve the status quo and prevent further "use" and dissemination of the recording and any derivatives while this Court reviews the challenged rulings. *See SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010). [1]

## RELIEF SOUGHT

Petitioner requests a writ of mandamus under 28 U.S.C. § 1651(a) directing the district court to:

1.  Vacate the denial of Petitioner's Title III suppression/non-use motion (Doc. 40) and direct the district court to adjudicate non-use/suppression under 18 U.S.C. § 2515 and 18 U.S.C. § 2518(10)(a) with a legality-first, non-use protective sequencing—prohibiting any litigation "use" and disclosure of contents pending adjudication.

2.  Vacate and strike the sealed conventional filing/lodging of the USB audio as Exhibit 1 (as reflected on Doc. 41) and prohibit any further lodging/filing (including under seal), playback, transcript preparation, quotations/paraphrases, or content-based argument using any version of the recording pending Title III adjudication.

3.  Vacate Doc. 44 in full.

---

[11] Petitioner is proceeding pro se and does not have access to subscription legal research services. Petitioner has relied on publicly available sources and has attempted in good faith to verify the authorities cited. Where pinpoint citations are not provided, Petitioner will supplement pin cites if the Court directs or if additional source materials become available.

4.  Stay discovery pending compliance with the Initial Order's Rule 26(f) sequencing (Doc. 16), or, at minimum, direct the district court to enter a forward-looking amended order restoring Rule 26 planning compliance as a condition to discovery proceeding on issues touching the recording and related materials.

5.  Vacate the denial of Petitioner's civil contempt motion (Doc. 38) (ancillary relief), to be reconsidered under the corrected framework.

6.  Vacate the district court's March 17, 2026 Text Order directing the parties to disregard Local Rule 5.3 (Doc. 32) (ancillary relief) insofar as it eliminated the local rule's pro se-party exception requiring discovery materials to be filed with the court (thereby removing a free, secure CM/ECF-based service and recordkeeping mechanism for the pro se party), and direct reinstatement of the Local Rule 5.3 pro se procedure, subject only to minimal, non-substantive privacy protections for ordinary personally identifying information and similar non-recording private material as agreed by the parties or, failing agreement, as directed by the district court. This relief is requested on the express premise that the Court's mandamus relief on the primary Title III/non-use issues will prohibit any use, filing, lodging, transcription, quotation, paraphrase, or other disclosure of the recording's contents or derivatives in this litigation (including under seal). See *United*

*States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000); *United States v. Diaz-Villafane*, 874 F.2d 43 (1st Cir. 1989); *Roy A. Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991); *Frazier v. Heebe*, 482 U.S. 641 (1987).

7.  Grant such other relief as may be necessary to preserve the status quo and prevent irreparable dissemination. See *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004).

### ISSUES PRESENTED

**Primary issues:**

1.  Whether the district court committed a clear error and abused its discretion by denying Petitioner's motion seeking Title III suppression/non-use protections (Doc. 40) after adopting a "use-first" approach that required judicial listening to, and sealed admission/lodging of, the recording before adjudicating whether Title III prohibits litigation "use."

2.  Whether the district court exceeded its discretion and created irreparable harm risk by admitting and lodging a disputed USB audio as sealed Exhibit 1 where the record reflects a material version/length mismatch and Petitioner timely objected based on lack of foundation, provenance, and chain-of-custody representations.

3.  Whether the district court abused its discretion by entering Doc. 44, which (i) authorizes sealed filing of the "Recording," including "alternate

versions," and (ii) channels derivative use (transcripts/quotations) through a leave-to-file mechanism, thereby implementing Defendants' "without fear" request (Docs. 26–27).

4.  Whether the district court clearly erred and abused its discretion by ruling that discovery had "already commenced" notwithstanding the court's Initial Order (Doc. 16) requiring Rule 26(f) planning and a joint report before discovery commences.

**Ancillary issues:**

1.  Whether the district court abused its discretion by denying Petitioner's civil contempt motion (Doc. 38) to the extent it sought to enforce sequencing and prevent unlawful litigation use pending adjudication.

2.  Whether the district court abused its discretion by entering Doc. 32, a text order directing the parties to disregard Local Rule 5.3 due to the presence of a pro se party, where the order eliminated the local rule's pro se-party filing/service mechanism without a sound rationale and unfairly prejudiced the pro se litigant. See *United States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000); *United States v. Diaz-Villafane*, 874 F.2d 43 (1st Cir. 1989).

## JURISDICTION

This Court has authority to issue writs of mandamus "in aid of" its jurisdiction under the All Writs Act, 28 U.S.C. § 1651(a).

Petitioner has standing because he asserts civil claims under the Federal Wiretap Act for unlawful interception and unlawful disclosure/use of his communications, seeking relief authorized by Congress. 18 U.S.C. § 2520; 18 U.S.C. § 2511. Petitioner also alleges concrete and ongoing privacy injury from the district court's challenged rulings and orders that have already created and expanded litigation "use" and disclosure pathways for the disputed recording and derivatives, harms that cannot be meaningfully undone after final judgment. See *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010).

## STATEMENT OF RELATED CASES

Petitioner is not aware of any related case currently pending in this Court involving the same issues.

## STATEMENT OF THE CASE

### A. One-paragraph posture

Petitioner is the pro se Plaintiff in a civil case pending in the Northern District of Alabama, Northeastern Division, before Judge Harold D. Mooty III (Case No. 5:25-cv-02226-HDM). On March 31, 2026, the district court held a motion hearing (2:00 p.m., Huntsville, Alabama) at which it addressed multiple pending motions, including protective order/ESI protocols, scheduling, contempt, and Petitioner's Title III suppression/non-use motion (Doc. 40). Petitioner also filed a wrapper motion concerning a non-party recorded participant's Title III suppression request (Doc. 39). The court denied/mooted the pending motions,

admitted and lodged a defense USB audio as sealed Exhibit 1 after in-chambers listening, and later entered Doc. 44 ("Protective Order") facilitating sealed filing of the "Recording" and derivatives. Petitioner seeks mandamus and temporary stay interim relief and files this petition on April 7, 2026.

## B. Transcript identification

The transcript is titled "REPORTER'S OFFICIAL TRANSCRIPT OF MOTION HEARING," dated March 31, 2026, before the Honorable Harold D. Mooty III, United States District Judge, with proceedings recorded by Official Court Reporter Suzanne Shell, RPR, CRR. (Doc. 52, Tr. 1–2.)

## C. Procedural history (key docket events)

1. On February 12, 2026, the district court entered its Initial Order (Doc. 16), requiring a Rule 26(f) conference and a joint report, and stating discovery would commence only after that sequencing.

2. On February 25, 2026, Defendants filed a unilateral Rule 26(f) report (Doc. 18). On February 26, 2026, the court entered a scheduling order (Doc. 21) adopting the unilateral report framework.

3. On March 13, 2026, Defendants filed submissions seeking an order allowing the recording to be submitted/used/filed "without fear" (Docs. 26–27).

4.  On March 17, 2026, the district court entered a text order directing the parties to disregard Local Rule 5.3 to the extent it required discovery materials be filed with the court due to the presence of a pro se party, and instead directing that discovery materials shall not be filed with the court except when otherwise directed or when needed in connection with motion practice or trial. (Doc. 32.)

5.  Petitioner filed a civil contempt motion (Doc. 38) on March 26, 2026; a wrapper motion concerning a non-party participant's motion (Doc. 39) on March 27, 2026; and Petitioner's Title III suppression/non-use motion (Doc. 40) on March 30, 2026.

6.  On March 31, 2026, the district court held the motion hearing. The transcript's exhibit index reflects: "Exhibit (admitted under seal) 1 defense counsel's 45-minute audio recording 41." (Doc. 52, Tr. Index/Exhibit Index.)

7.  On April 1, 2026, the district court entered a written order denying Docs. 38, 39, and 40 (Doc. 43), and entered the Protective Order (Doc. 44). The defense USB audio was lodged by sealed conventional filing and identified on Doc. 41.

8.  Petitioner moved to strike the sealed conventional filing (Doc. 45) on April 2, 2026. The district court denied that motion by sealed order (Doc. 51) on April 3, 2026.

**STATEMENT OF FACTS**

Petitioner's claims arise from the existence and threatened litigation use of an audio recording allegedly created and disseminated without consent. Petitioner does not disclose or discuss the recording's contents and does not request that this Court listen to the recording. The relevant facts concern the district court's sequencing and the creation of litigation "use" pathways.

**A. The district court required and justified a "use-first" approach and created a version dispute record**

At the outset of the hearing, the district court directed attention to "custody over disposition of, handling of and protections" for the audio recording and confirmed defense counsel brought "a playable copy" on a thumb drive. (Doc. 52, Tr. 11:8–18.) The court then stated that it had "no interest in getting into the content" at that time, and asked whether the versions were the same length. (Doc. 52, Tr. 11:24–25; Tr. 12:1–5.) Defense counsel Stott approximated his version as "about 45 minutes." (Doc. 52, Tr. 12:7–10.) Counsel Brisendine stated he had two versions, including a "long version" of "one hour, 23 minutes, 53 seconds," and that the "short version" was the same length as the other 45-minute version. (Doc. 52, Tr. 12:12–17.) Petitioner advised the court that his version was "46 minutes." (Doc. 52, Tr. 14:22–24.) Petitioner further stated he had "no information" about the hour-and-23-minute version and no knowledge whether his 46-minute version encompassed defense counsel's shorter version. (Doc. 52,

9

Tr. 15:11–17.) Defense counsel Stott then suggested his might be "46 minutes" and he had "reason to believe it is" the same. (Doc. 52, Tr. 15:18–24.)

Later in the hearing, the district court announced it would take the thumb drive to chambers for in camera listening. Petitioner objected, stating there had been "no representation about the chain of custody" for defense counsel's version. (Doc. 52, Tr. 22:9–12.) Petitioner also objected that there had been no foundation for provenance and no representation regarding how defense counsel obtained the recording, how it was created, or what edits were made. (Doc. 52, Tr. 32:5–9.)

Petitioner also asked defense counsel to articulate any cognizable defense or other predicate basis that would make content review necessary at that stage, and argued that no such predicate showing had been identified in the record. (Doc. 52, Tr. 39:1–15; Tr. 40:9–25; Tr. 41:1–6.)

## B. The district court denied Doc. 40 and admitted/lodged Exhibit 1 under seal before legality-first adjudication

After Petitioner's argument, the district court denied Doc. 39 and denied Doc. 40 from the bench. (Doc. 52, Tr. 41:9–11.) The court then requested the defense thumb drive and, "for purposes of this hearing," marked the thumb drive as Exhibit 1 and placed it under seal. (Doc. 52, Tr. 41:12–17.) Exhibit 1 was admitted under seal. (Tr. 41:19–20.) The court recessed to listen to Exhibit 1. (Doc. 52, Tr. 41:22–24.)

When the court returned to the record, it stated it had listened in chambers to Exhibit 1 and that the thumb drive accepted from defense counsel Stott was "approximately 52 minutes long," though the "record under seal" would reflect the exact length. (Doc. 52, Tr. 42:7–16.) The court stated it listened to the majority and skipped portions that were not audible. (Doc. 52, Tr. 42:17–21.) The court stated it would not modify its prior rulings. (Doc. 52, Tr. 42:22–25.)

### C. Doc. 44 facilitates filing, dissemination, and derivative use; the court entered it because the parties could not agree

Doc. 44 establishes a regime for "Confidential Material" and expressly addresses filing and derivative use of the "Recording," including "alternate versions," including paragraph 9 authorizing filing of the "Recording" and alternate versions under seal and requiring leave for derivatives such as transcripts and quotations.

The transcript reflects the district court's rationale for entering its own protective order: when both sides could not agree on the level of protection, the court described that as triggering in camera inspection for purposes of determining the appropriate protection level. (Doc. 52, Tr. 20:15–25; Tr. 21:1–5.) The court later stated it was inclined to enter its own protective order because the parties were unable to agree. (Doc. 52, Tr. 45:7–10.)

**D. The district court ruled discovery had already commenced notwithstanding the Initial Order's sequencing**

Petitioner asked the district court to clarify whether discovery could begin absent the joint Rule 26(f) report contemplated by the Initial Order and noted that no joint report had been filed. (Doc. 52, Tr. 54:7–18.) The court stated "the parties are free to engage in discovery now" and explained its view of the function of a 26(f) report as preceding entry of a scheduling order. (Doc. 52, Tr. 54:21–25; Tr. 55:2–8.) The court stated that the scheduling order had been entered and, therefore, discovery could commence because the function and purpose of the Rule 26(f) phase had been completed. Doc. 52, (Tr. 55:13–19.)

Upon defense counsel's request for clarification, the court stated discovery "may commence upon the entry of the Court's scheduling order in this case, which has already occurred," and clarified that discovery had "already commenced," and that discovery previously served remained timely. (Doc. 52, Tr. 56:9–15; Tr. 56:19–22.)

**D.1. The court declined to enter ESI and privilege-log protocols and deferred ESI structure until after disputes arise**

After returning to the record, the district court stated it did not believe it was appropriate to enter an ESI or privilege-log protocol and believed the parties were capable of preparing privilege logs in compliance with the Rules. (Doc. 52, Tr. 43:16–24.) The court further stated that any ESI-related protocols would only

12

be addressed after the parties worked through discovery requests and then brought issues to the court pursuant to the Initial Order's discovery-dispute procedures. (Doc. 52, Tr. 43:25–44:4.)

### E. Doc. 32 (disregard of Local Rule 5.3) eliminated the local rule's pro se-party filing mechanism

On March 17, 2026, the district court entered Doc. 32 directing the parties to disregard Local Rule 5.3 to the extent it required discovery materials be filed with the court "due to the presence in this case of a pro se party," and instead providing that discovery materials shall not be filed except when otherwise directed or when needed in connection with motion practice or trial. (Doc. 32.) Petitioner contends this eliminated the local rule's pro se-party filing mechanism (which otherwise provides a free and secure court-administered CM/ECF mechanism for service and recordkeeping), without any stated case-specific justification, and thereby prejudiced the pro se litigant by removing the pro se-focused procedure rather than addressing ordinary privacy concerns through minimally tailored protections.

### STANDARD FOR MANDAMUS

Mandamus is an extraordinary remedy. The petitioner must show: (1) no other adequate means to attain the desired relief; (2) a clear and indisputable right to issuance of the writ; and (3) that issuance is appropriate under the circumstances. *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004). Mandamus is not a substitute for appeal and is generally unavailable to

13

review routine discovery orders. *Kerr v. U.S. District Court for the Northern District of California*, 426 U.S. 394 (1976). It may issue to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to correct a clear abuse amounting to a judicial usurpation of power or persistent disregard of procedural rules. *Will v. United States*, 389 U.S. 90 (1967).

In civil litigation involving intercepted communications, courts must balance civil discovery access against substantial privacy interests. *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010). Rajaratnam further recognizes that a district court exceeds its discretion when it orders broad disclosure of intercepted conversations prior to any ruling on legality and without limiting disclosure to relevant conversations. This petition also presents a significant procedural question affecting the administration of justice: whether a district court may authorize judicial listening, exhibit lodging, and a filing/derivative regime for an allegedly unlawful intercepted communication—thereby creating irreversible 'use' and dissemination pathways—before adjudicating legality and limiting scope to what is necessary and relevant. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004).

## ARGUMENT

### I. Petitioner has no other adequate means to obtain relief; the harm is irreversible

The core harm Petitioner seeks to prevent is irreversible litigation "use" and dissemination of the disputed recording through judicial mechanisms: exhibit

lodging, sealed filing, hearing playback, transcripts, quotations, and derivative motion practice. The district court has already admitted and lodged Exhibit 1 under seal, listened to it in chambers, and entered Doc. 44, which authorizes sealed filing of the "Recording," including "alternate versions," and contemplates derivative use through transcripts and quotations by leave.

Once such use and derivatives occur, post-judgment review cannot restore privacy or unwind dissemination. This satisfies Cheney's requirement that there be no other adequate means to attain relief. *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004).

Rajaratnam supports extraordinary intervention where a district court authorizes broad disclosure/use pathways involving intercepted communications before ruling on legality and without narrowing to what is necessary and relevant, because the privacy harm and dissemination momentum are not fully remediable after final judgment. *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010).

**II. Petitioner's right to Title III non-use protections is clear and indisputable; the district court's "use-first" sequencing conflicts with Title III's structure**

Title III prohibits the use of unlawfully intercepted communications as evidence. 18 U.S.C. § 2515. Title III provides a suppression mechanism. 18 U.S.C. § 2518(10)(a). The Supreme Court has recognized that § 2515 may be invoked as a defense to contempt where questioning is based on unlawfully intercepted

communications. *Gelbard v. United States*, 408 U.S. 41 (1972). The Supreme Court has also held that primary and derivative evidence obtained through unauthorized wiretap applications must be suppressed upon a motion properly made. *United States v. Giordano*, 416 U.S. 505 (1974).

Petitioner's Doc. 40 sought a legality-first non-use order to prevent litigation "use" and disclosure pending adjudication. The district court denied Doc. 40 from the bench and admitted/lodged Exhibit 1 under seal, recessed to listen, and then declined to modify its rulings. (Doc. 52, Tr. 41:9–24; Tr. 42:7–25.) That "use-first" sequencing inverts the statutory design of § 2515 and § 2518(10)(a), which exist to prevent and remedy litigation use of unlawful interceptions.

Rajaratnam provides a directly applicable civil-sequencing principle: a district court exceeds its discretion by ordering broad disclosure of intercepted communications prior to any ruling on legality and without limiting disclosure to relevant communications. *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010). Here, the district court adopted a functional equivalent of broad disclosure/use authorization by listening in camera and lodging the recording as a sealed exhibit before adjudicating non-use protections, and by entering an order (Doc. 44) that facilitates further filing and derivative pathways.

The transcript reflects Petitioner's request that defense counsel articulate any cognizable defense or other predicate basis that would be advanced or 'verified' by

16

the Court listening to the recording, and Petitioner's argument that no such predicate showing had been articulated in the record. (Doc. 52, Tr. 39:1–15; Tr. 40:9–25; Tr. 41:1–6.) Petitioner's point is not that this Court should adjudicate defenses on mandamus; it is that the district court authorized judicial listening, exhibit lodging, and a filing/derivative regime without a predicate showing that such content review was necessary at that stage. Whether or not a defense ultimately exists, the sequencing principle recognized in *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010) counsels against court-authorized disclosure/use pathways before legality is adjudicated and scope is limited to what is necessary and relevant.

### III. The sealed admission and lodging of Exhibit 1 was a clear abuse of discretion, particularly given the version mismatch and the lack of foundation

The transcript establishes a concrete version/length dispute: defense counsel estimated approximately 45 minutes (Doc. 52, Tr. 12:7–10), Petitioner's version was 46 minutes (Doc. 52, Tr. 14:22–24), the exhibit index describes Exhibit 1 as defense counsel's 45-minute recording (Tr. Index/Exhibit Index), and the district court later described Exhibit 1 as approximately 52 minutes (Doc. 52, Tr. 42:13–16). The district court admitted Exhibit 1 under seal and listened in chambers despite Petitioner's express objections that there had been no chain-of-custody

17

representation and no foundation for provenance or representation regarding how the recording was obtained, created, or edited. (Doc. 52, Tr. 22:9–12; Tr. 32:5–9.)

Audio recordings require an adequate foundation for reliability and authenticity before admission. See *United States v. McMillan*, 508 F.2d 101 (8th Cir. 1974); *United States v. Biggins*, 551 F.2d 64 (5th Cir. 1977). Where the version itself is disputed and foundation is expressly challenged, the district court's decision to admit and lodge the defense thumb drive as an exhibit (even under seal) created irreversible litigation "use" harm pathways that cannot be cured after final judgment.

## IV. Doc. 44 is not merely protective; it operationalizes litigation use and authorizes sealed filing and derivatives

Protective orders limiting dissemination of information obtained through civil discovery can be permissible when supported by good cause and limited to discovery. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984). Doc. 44 goes beyond a conventional discovery-confidentiality order by expressly authorizing sealed filing of the recording and "alternate versions" (¶ 9) and by contemplating derivative litigation use of transcripts and quotations by leave. Petitioner submits this structure implements Defendants' "without fear" request (Docs. 26–27) and creates a litigation use pathway inconsistent with legality-first adjudication under Title III.

The Eleventh Circuit requires good cause and appropriate analysis before court documents are sealed. *Romero v. Drummond Co.*, 480 F.3d 1234 (11th Cir. 2007). And the mere existence of a confidentiality order does not automatically shield judicial documents from public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006); see also *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The district court's stated reason for entering its own protective order was that the parties could not agree. (Doc. 52, Tr. 20:15–25; Tr. 21:1–5; Tr. 45:7–10.) That administrative rationale does not substitute for the case-specific analysis required when authorizing filing and derivative use of a sensitive recording in the judicial record, and it does not cure the "use-first" sequencing defect. See *SEC v. Rajaratnam*, 622 F.3d 159 (2d Cir. 2010).

### V. The discovery-commencement ruling warrants mandamus because it accelerates compelled dissemination while the recording dispute remains unresolved

At the hearing, the district court stated "the parties are free to engage in discovery now" and then clarified that discovery had "already commenced," and that previously served discovery remained timely. (Doc. 52, Tr. 54:21–25; Tr. 56:9–22.) Petitioner does not seek routine interlocutory review of ordinary discovery management. Rather, the ruling is intertwined with the recording dispute because it accelerates a process that predictably compels further production,

dissemination, and derivative disputes before legality-first non-use adjudication occurs and while Doc. 44 facilitates filing/derivative pathways.

The prejudice from the discovery-commencement ruling is magnified by the district court's express refusal to require ESI and privilege-log protocols at the Rule 26 stage, instead deferring ESI structure until after disputes arise. (Doc. 52, Tr. 43:16–44:4.) In a case where provenance, chain-of-custody, and privilege assertions are already being used to block basic disclosure of non-content transmittal information about a disputed recording, deferring ESI/privilege structure ensures the dispute will be litigated through serial motion practice— creating exactly the "use" and record-pathway momentum Petitioner seeks to prevent and making ordinary post-judgment review inadequate. See *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367 (2004).

## VI. Ancillary: the contempt denial should be vacated for reconsideration under corrected framework

The district court denied Petitioner's contempt motion (Doc. 38) in its written order (Doc. 43). If this Court grants mandamus as to the core Title III and protective-order issues, it should vacate the contempt denial to the extent it rests on the same sequencing errors and direct reconsideration under the corrected framework. See *Gelbard v. United States*, 408 U.S. 41 (1972).

**VII. Ancillary: Doc. 32 improperly eliminated Local Rule 5.3's pro se-party filing mechanism and unfairly prejudiced the pro se litigant**

Local Rule 5.3 provides that discovery materials shall not be filed in civil cases except, among other things, in cases in which there is a pro se party (a court-administered CM/ECF-based mechanism), when otherwise directed by a judge, or when needed in connection with a motion, response, or trial. Doc. 32 instructed the parties to disregard Local Rule 5.3 "to the extent" it required filing "due to the presence in this case of a pro se party," thereby eliminating the local rule's pro se-party filing mechanism and returning the case to a non-filing regime except for motion practice or trial. (Doc. 32.)

District courts have latitude to apply local procedural rules, but departures from local rules require a sound reason and must not unfairly jeopardize substantial rights or unfairly prejudice a party who relied on the local rule to his detriment. *United States v. Diaz-Villafane*, 874 F.2d 43 (1st Cir. 1989); *United States v. Eleven Vehicles*, 200 F.3d 203 (3d Cir. 2000); *Roy A. Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043 (2d Cir. 1991). Further, under the Supreme Court's supervisory authority, district courts are not empowered to adopt local rules (or rule-variants) that arbitrarily discriminate or are not necessary for the efficient administration of justice. *Frazier v. Heebe*, 482 U.S. 641 (1987).

Here, Doc. 32 removed the local rule's pro se-party exception—i.e., the very mechanism designed to supply a predictable, court-administered discovery

21

filing/service framework for a pro se litigant—without any stated case-specific justification. The prejudice is concrete: it deprives the pro se litigant (who is registered for CM/ECF) of a free, secure, and predictable method to serve and be served with discovery through the court's system, and it increases the likelihood that discovery materials will first appear as attachments in motion practice or at trial, when they are more likely to be treated as judicial records. In this case's posture—where the district court has already lodged a disputed recording as an exhibit and entered Doc. 44 facilitating sealed filing and derivatives—Doc. 32's elimination of the pro se-party filing mechanism was an abuse of discretion that should be vacated and replaced by reinstatement of the Local Rule 5.3 pro se procedure with only minimal non-recording privacy protections.

## REQUEST FOR TEMPORARY STAY

Petitioner requests temporary stay relief in a separate Motion for Temporary Stay filed contemporaneously with this petition.

## CONCLUSION

Petitioner respectfully requests that this Court issue a writ of mandamus under 28 U.S.C. § 1651(a), and grant such further relief as necessary to prevent irreversible litigation "use" and dissemination of the disputed recording and any derivatives through judicial-record and litigation mechanisms pending proper

legality-first adjudication under 18 U.S.C. § 2515 and 18 U.S.C. § 2518(10)(a).

See *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004).

Respectfully submitted,

Date: __March 7, 2026__ _____

Scott McDonald
Plaintiff, pro se
789 Neal Dr.
Gurley, AL 35748
(256) 503-0675
Scottm2@hiwaay.net

23

## CERTIFICATE OF SERVICE

I certify that on March 7, 2026, a true and correct copy of the foregoing PETITION FOR WRIT OF MANDAMUS has been sent by electronic means using the Court's CM/ECF electronic filing system for parties registered with CM/ECF and via US Mail, postage prepaid, for all other parties.


Date:    March 7, 2026                      _Scott McDonald_

Scott McDonald
Plaintiff, *pro se*
(256) 503-0675
scottm2@hiwaay.net


1